BLANK ROME, LLP
Attorneys for Plaintiff
FAR EASTERN SHIPPING COMPANY PLC
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

| | |
|---|---|
| FAR EASTERN SHIPPING COMPANY PLC,<br><br>Plaintiff,<br><br>-against-<br><br>TOUS LES ATOUTS S.A.R.L.,<br><br>Defendant. | 07 Civ. **07 CIV 4055**<br><br>**VERIFIED COMPLAINT** |

Plaintiff, FAR EASTERN SHIPPING COMPANY PLC ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, TOUS LES ATOUTS S.A.R.L. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices at 15, Aleutskaya Str., Vladivostok, Russia 690990.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized with its offices at Carre 539, Quartier St. Michel, 03 BP 0439, Cotonou, Atlantique, Benin, and no place of business in the United States.

4.  Plaintiff is the owner of the ocean-going cargo vessel M/V CHELYABINSK (the "Vessel").

5.  In about December 2005, the Vessel called the Port of Lomé in Togo to discharge cargo being carried pursuant to a charter party and ocean bills of lading.

6.  While in Lomé, Defendant commenced suit against the Vessel and had it arrested pursuant to a court-issued order of arrest on or about December 28, 2005. In its papers filed *ex parte* with the court in Lomé in support of its application for an order of arrest of the Vessel, Defendant alleged that it had a claim against the owners of the M/V SWIFTSURE in respect of damage to cargo carried aboard that vessel; that it had arrested the SWIFTSURE in respect of that claim; that that vessel's protection and indemnity underwriter, the North of England P&I Association, had, through its local agent ETIC, subsequently issued Defendant a guaranty on January 27, 2005 in the amount of €96,000 in consideration of release of the SWIFTSURE; that Defendant had subsequently experienced difficulty in obtaining payment under the guaranty; that the CHELYABINSK was also "insured" by ETIC; and that Defendant's arrest of the CHELYABINSK was to secure payment under the guaranty issued through ETIC in respect of the SWIFTSURE.

7.  Defendant did not allege in its Lomé arrest action that it had a claim *in rem* against the CHELYABINSK nor that it had a claim *in personam* against her owners.

8.  Defendant did not allege in its Lomé arrest action that Plaintiff had an ownership interest in the SWIFTSURE or that that vessel and the CHELYABINSK were otherwise under common ownership.

9.  At no time has Plaintiff had an ownership in the SWIFTSURE, nor are that vessel and the CHELYABINSK in any way connected with common ownership.

10. Defendant knew, or was reckless in not knowing, that Plaintiff did not have an ownership interest in the SWIFTSURE and that that vessel and the CHELYABINSK are not under common ownership.

11. Defendant knew, or was reckless in not knowing, that ETIC is not an insurer but merely was a local correspondent and agent for various marine insurers.

12. In fact, ETIC acted as local correspondent for the North of England P&I Association, with whom the SWIFTSURE was entered, and also for the UK P&I Club, with whom the M/V CHELYABINSK was entered.

13. Defendant knew, or was reckless in not knowing, that the SWIFTSURE and the CHELYABINSK were not entered with the same protection and indemnity underwriter.

14. Moreover, and in any event, Defendant knew or was reckless in not knowing that, irrespective of who the vessels' respective insurers were, there was no possible legal grounds to sustain an arrest of the CHELYABINSK in respect of its claim under the letter of guaranty issued for the North of England in respect of Defendant's claim against the SWIFTSURE.

15. Notwithstanding the foregoing, Defendant obtained an *ex parte* order of arrest against the CHELYABINSK in Lomé and, pursuant to that order, caused the Vessel to be arrested in respect of its above-mentioned claim.

16. Defendant's claim against the CHELYABINSK in Lomé was frivolous and pursued in bad faith. In pursuing the Lomé claim, Defendant acted recklessly, in bad faith, and with willful indifference to Plaintiff's rights.

17. As a result of Defendant's wrongful arrest of the Vessel in Lomé, the Vessel was detained under arrest from about December 28, 2005 until February 17, 2006, when Plaintiff obtained reversal of the lower court's arrest order by the Appeal Court of Lomé.

18. As a result of Defendant's reckless, frivolous and bad faith prosecution of its claim in Lomé against the CHELYABINSK, Plaintiff suffered substantial damages as follows: loss of hire from December 28, 2005 to February 17, 2006 in the amount of $512,900, plus bunkers consumed in the amount of $85,012.70, for a total principal claim of $597,912.70.

19. Plaintiff also incurred $155,000 in attorneys' fees and costs in opposing Defendant's wrongful arrest and in obtaining vacatur of the arrest and dismissal of the Lomé action.

20. Plaintiff also seeks interest of $119,499.05, representing three years' simple interest accrued at 8%.

21. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$872,411.75**.

22. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendant's

tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$872,411.75** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

    D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       May 23, 2007

                      Respectfully submitted,
                      BLANK ROME, LLP
                      Attorneys for Plaintiff
                      FAR EASTERN SHIPPING COMPANY PLC

                      By_____
                          Thomas H. Belknap, Jr. (TB-3188)
                      405 Lexington Ave.
                      New York, NY 10174-0208
                      (212) 885-5000

## VERIFICATION

STATE OF NEW YORK         )
                          : ss.:
COUNTY OF NEW YORK        )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
23rd day of May 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__/_/

311510.1
900200.00001/6545738v.1

6

BLANK ROME, LLP
Attorneys for Plaintiff
FAR EASTERN SHIPPING COMPANY PLC
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAR EASTERN SHIPPING COMPANY PLC, <br><br> Plaintiff, <br><br> -against- <br><br> TOUS LES ATOUTS S.A.R.L., <br><br> Defendant. | 07 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation with no office or place of business within this judicial district.

900200.00001/6545890v.1

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
THOMAS H. BELKNAP, JR.

Sworn to before me this
23rd day May, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__/ /

311808.1
900200.00001/6545890v.1

2